UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
======================================X
ALBERTO MORALES,

                Plaintiff,             **COMPLAINT**

    -against-

THE CITY OF NEW YORK, P.O. STEVEN STILLER,
(SHIELD NO. 1072), P.O. GERALD McDOUGALL
(SHIELD NO. 124), P.O. SANDRO CHLARLITTI    **JURY TRIAL**
(SHIELD NO. 385) and JOHN DOES 1 – 5,        **DEMANDED**

                                            **ECF CASE**

                Defendants.
======================================X

## PRELIMINARY STATEMENT

1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. On December 23, 2012 at approximately 12:30 a.m. at or near 123 Ludlow Street in the County, City and State of New York the plaintiff was brutally assaulted, stopped, arrested, and manhandled by the defendant police officers; he was grabbed by the officers, kneed, struck by the police officers with their fists, elbows and feet, he was kicked, slammed into a wall and/or car, handcuffed, thrown to the ground and then illegally detained and falsely charged with a crime. As a result, the plaintiff sustained scarring, bruises, swelling, gashes to his forehead and face, blood clot in his eye, contusions, severe pain, and

derangement of his back, arms, leg and/or limbs.

Plaintiff was arrested without probable cause, unlawfully detained and brutalized by the defendants.

The plaintiff's rights were violated, he was deprived of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully arrested, stopped, searched and confined plaintiff; the defendants unjustifiably and illegally stopped the plaintiff; they frisked and searched the plaintiff without probable cause, then arrested the plaintiff, and brutalized the plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402

(b) because the claims arose in this district.

## PARTIES

5. Plaintiff, ALBERTO MORALES, was a citizen of the United States and resident of the County, City and State of New York.

6. Police Officers Steven Stiller (Shield No. 1072), Gerald McDougall (Shield No. 124), Sandro Chlarlitti (Shield No. 385) and John Does 1-5 were and still are, at all times relevant herein, officers, detectives, employees, and/or agents of the New York City Police Department.

7. On or about June 3, or June 4, 2013, the defendants Police Officers Steven Stiller (Shield No. 1072), Gerald McDougall (Shield No. 124), Sandro Chlarlitti (Shield No. 385) and John Does 1-5 were police officers working for the New York City Police Department, 7th Precinct.

8. Police Officers Steven Stiller (Shield No. 1072), Gerald McDougall (Shield No. 124), Sandro Chlarlitti (Shield No. 385) and John Does 1-5 are being sued in their individual and official capacities.

9. Police Officer Steven Stiller (Shield No. 1072), Police Officer Gerald McDougall (Shield No. 124), Police Officer Sandro Chlarlitti (Shield No. 285), and John Does 1-5 were at all times relevant herein officers, employees, and agents of the New York City Police Department, 7th Precinct.

10. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents,

servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

11. Defendant, City of New York, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant, City of New York, assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

**STATEMENT OF FACTS**

12. That on or about December 23, 2012 at approximately 12:30 a.m. at or near 123 Ludlow Street in the County, City and State of New York the plaintiff was brutally stopped, arrested, assaulted and manhandled by the defendant police officers; he was grabbed by the officers, kneed, struck by the police officers' fists, elbows and feet, kicked, slammed into a wall or car; handcuffed, thrown to the ground and then illegally detained and falsely charged with a crime. As a result, the plaintiff sustained scarring,

bruises, swelling, gashes to his forehead and face, blood clot in his eye, contusions, severe pain, and derangement of his back, arms, leg and/or limbs.

Plaintiff was arrested without probable cause, unlawfully detained and brutalized by the defendants.

13. The defendant police officers arrested and detained the plaintiff, handcuffed him and failed to provide any justification for the stop, frisk, arrest, assault, search and/or detention.

14. The individually named defendant police officers observed the other officers or defendants violate plaintiff's rights under the Constitution of the United States and did nothing to prevent the violation of his Constitutional Rights.

15. The brutality against the plaintiff, Alberto Morales, and failure to intervene by the individually named defendant police officers caused plaintiff to sustain psychological and emotional trauma.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and

### Fourteenth Amendment Rights

16. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 15 with the same force and effect as if more fully set forth at length herein.

17. Police Officer Steven Stiller (Shield No 1072), Police Officer Gerald McDougall (Shield No. 124), Police Officer Sandro Charlitti (Shield No. 385) and

John Does 1-5 were acting in concert and within the scope of their authority, arrested and caused plaintiff to be physically injured and imprisoned and violated plaintiff's right to be free of an unreasonable search and seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

18. Plaintiff suffered extreme and protracted pain and serious emotional injuries as a result of his incarceration and prosecution.

19. As a result of plaintiff's unlawful search and seizure, amounting to a violation of his civil rights, plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional injuries, as well as economic harm.

## SECOND CAUSE OF ACTION

20. Plaintiff reiterates and realleges the facts stated in paragraphs 1 through 19 as if stated fully herein.

21. As a result of their actions, Defendants, acting under "Color of law," deprived Plaintiff of his right to freedom from derivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Sec. 1983.

22. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whatever Plaintiff's rights would be violated by his actions.

23. As a direct and proximate result of the acts of Defendants, plaintiff

John Does 1-5 were acting in concert and within the scope of their authority, arrested and caused plaintiff to be physically injured and imprisoned and violated plaintiff's right to be free of an unreasonable search and seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

18. Plaintiff suffered extreme and protracted pain and serious emotional injuries as a result of his incarceration and prosecution.

19. As a result of plaintiff's unlawful search and seizure, amounting to a violation of his civil rights, plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional injuries, as well as economic harm.

## SECOND CAUSE OF ACTION

20. Plaintiff reiterates and realleges the facts stated in paragraphs 1 through 19 as if stated fully herein.

21. As a result of their actions, Defendants, acting under "Color of law," deprived Plaintiff of his right to freedom from derivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Sec. 1983.

22. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whatever Plaintiff's rights would be violated by his actions.

23. As a direct and proximate result of the acts of Defendants, plaintiff

suffered psychological and economic injuries, endured great pain and mental suffering, was deprived of his physical liberty.

### THIRD CAUSE OF ACTION

24. Plaintiff reiterates and realleges the facts stated in paragraphs 1 through 23 as if stated fully herein.

25. As a result of their actions, Defendants, acting under "Color of law," deprived Plaintiff of his right to freedom from excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Sec. 1983.

26. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whatever Plaintiff's rights would be violated by his actions.

27. The Defendants police officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

28. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

### FOURTH CAUSE OF ACTION
#### For Violation of Civil Rights

29. Plaintiff reiterates and realleges the facts stated in paragraphs 1 through 28 as if stated fully herein.

30. Defendant, City of New York, through its police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendants, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Sec. 1983 and 42 U.S.C. Sec. 1985.

31. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendant, New York City, Defendant committed the unlawful acts referred to above and thus, the Defendant New York City is liable for the Plaintiff's injuries.

## FIFTH CAUSE OF ACTION

### Failure to Intervene

32. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 31 with the same force and effect as if more fully set forth at length herein.

33. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in the presence of other officers.

34. Defendants failed to intervene to prevent the unlawful conduct described herein.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

35. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully set forth at length herein.

36. The defendant, City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Police Officer Steven Stiller (Shield No. 1072), Police Officer Gerald McDougall (Shield No. 124), Police Officer Sandro Charlitti (Shield No. 385) and John Does 1-5 individuals who were unfit for the performance of police duties, at the aforementioned location.

37. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### JURY DEMAND

38. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $2,000,000 against the defendant, City of New York, Police Officer Steven Stiller (Shield No. 1072), Police Officer Gerald

McDougall (Shield No. 124), Police Officer Sandro Chlorlitti (Shield No. 385), and John Does 1-5, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

    a.    That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

    b.    That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
       August 5, 2015

By: /s/
STEVEN SEENER, ESQ.
SEENER & SEENER, ESQS.
*Attorneys for Plaintiff*
ALBERTO MORALES
11 Park Place - 10th Floor
New York, New York 10007
Telephone No. 212-766-2050